IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KENNETH Q. TURNER, | ) |
| Plaintiff, | ) |
| vs. | ) 2:12-cv-4100-TMP |
| CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

### I.     Introduction

The plaintiff, Kenneth Q. Turner, appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for supplemental security income ("SSI"). Mr. Turner timely pursued and exhausted his administrative remedies, and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). The parties have consented to the jurisdiction of the undersigned in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. Based upon the court's review of

the record and the briefs submitted by the parties, the court finds that the decision of the Commissioner is due to be affirmed.

Mr. Turner was 21 years old at the time of the Administrative Law Judge's ("ALJ") decision, and he has a GED, or high-school-equivalent education.  (Tr. at 51).  He has no relevant past work experience.  (Tr. at 68).  Mr. Turner claims that he became disabled on March 17, 2006, due to Crohn's disease, right-eye blindness, and depression .  (Tr. at 170).  He also alleges that he has candidal esophagitis[1] and chronic headaches.

When evaluating the disability of individuals over the age of eighteen, the regulations prescribe a five-step sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001).  The first step requires a determination of whether the claimant is "doing substantial gainful activity."  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).  If he is, the claimant is not disabled and the evaluation stops.  *Id*.  If he is not, the Commissioner next considers the effect of all of the claimant's physical and mental impairments combined.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  These

---

[1] Candidal esophagitis "is a yeast infection of the esophagus caused by the same fungus that causes vaginal yeast infections.  The infection develops in the esophagus when the body's immune system is weak, such as in people with diabetes or HIV.  It is usually very treatable with antifungal drugs."  www.webmd.com/digestive-disorders/esophagitis

impairments must be severe and must meet the durational requirements before a claimant will be found to be disabled. *Id*. The decision depends upon the medical evidence in the record. *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971). If the claiman''s impairments are not severe, the analysis stops. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). Otherwise, the analysis continues to step three, which is a determination of whether the claimant's impairments meet or equal the severity of an impairment listed in 20 C.F.R. pt. 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant's impairments fall within this category, he will be found disabled without further consideration. *Id.* If they do not, a determination of the claimant's residual functional capacity ("RFC") will be made, and the analysis proceeds to the fourth step. 20 C.F.R. §§ 404.1520(e), 416.920(e). Residual functional capacity is an assessment, based on all relevant evidence, of a claimant's remaining ability to do work despite his or her impairments. 20 C.F.R. § 404.1545(a).

The fourth step requires a determination of whether the claimant's impairments prevent him or her from returning to past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant can still do his or her past relevant work, the claimant is not disabled and the evaluation stops. *Id.* If the claimant cannot do past relevant work, then the analysis proceeds to the fifth step.

*Id.* Step five requires the court to consider the claimant's RFC, as well as the claimant's age, education, and past work experience, in order to determine if he or she can do other work. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can do other work, the claimant is not disabled. *Id.* The burden of demonstrating that other jobs exist which the claimant can perform is on the Commissioner; and, once that burden is met, the claimant must prove her inability to perform those jobs in order to be found to be disabled. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999).

Applying the sequential evaluation process, the ALJ found that Mr. Turner has not been under a disability within the meaning of the Social Security Act from the date of onset through the date of his decision. (Tr. at 25). He first determined that Mr. Turner has not engaged in substantial gainful activity since the alleged onset of his disability. (Tr. at 26). According to the ALJ, plaintiff's candidal esophagitis and depression are considered "severe" only in combination with his other impairments and marijuana abuse, based on the requirements set forth in 20 C.F.R. § 416.920(c). (Tr. at 27). However, he found that these impairments neither meet nor medically equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. at 27). The ALJ did not find Mr. Turner's allegations to be credible, citing the "inconsistencies" noted by doctors and medical care providers,

and a lack of objective evidence that confirmed the severity of the conditions or that the condtions could reasonably be expected to give rise to the symptoms alleged.[2] (Tr. at 36). The ALJ determined that Mr. Turner has the following residual functional capacity: a full range of work at any exertional level, with nonexertional limitations relating to his inability to work outside in the sun, and with the provision that he can concentrate on simple instructions during an 8-hour work day, but not detailed ones. (Tr. at 28).

Moving on to the fourth step of the analysis, the ALJ concluded that Mr. Turner had no past relevant work. (Tr. at 33). The ALJ considered the testimony of a vocational expert, and employed 20 CFR § 404.965 as a guideline for finding that Mr. Turner is able to perform work in such unskilled occupations as a non-postal mail clerk, a fast food worker, and a cleaner. He further determined that such jobs exist in a significant number in the state and national economy. (Tr. at 37). The ALJ concluded his findings by stating that Plaintiff "has not been under a disability, as defined in the Social Security Act, since January 14, 2010," when he filed his application. (Tr. at 38).

---

[2] The ALJ noted that allegations of Crohn's disease are not substantiated by any medical evidence, and that, except for one emergency room notation based on self-reporting, Mr. Turner has never received that diagnosis. Indeed, more extensive testing and evaluation after the emergency room diagnosis failed to confirm it.

## II.     Standard of Review

This court's role in reviewing claims brought under the Social Security Act is a narrow one.   The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied by the ALJ. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).   Substantial evidence is "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."   *Crawford v. Commissioner of Soc. Sec.*, 363 F3d 1155, 1158 (11th Cir. 2004), quoting *Lewis v. Callahan*, 125 F.3d 1436, 1439-40 (11th Cir. 1997). The Court approaches the factual findings of the Commissioner with deference, but applies close scrutiny to the legal conclusions.   *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).   The Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner.   *Id.*   "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'"   *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986)

(Gibson, J., dissenting) (quoting *Consolo v. Federal Mar. Comm'n*, 383 U.S. 607, 620 (1966)). Indeed, even if this Court finds that the evidence preponderates against the Commissioner's decision, the Court must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400. No decision is automatic, however, for "despite this deferential standard [for review of claims] it is imperative that the Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987). Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

## III. Discussion

Mr. Turner is a young man who was, at the time of his hearing, living with his grandparents, ages 65 and 67. His grandfather was retired and his grandmother remained in the workforce. Mr. Turner has never been employed and asserts that he has gastrointestinal problems that cause him to be unable to work, exercise, or socialize. A typical day involves sitting at home, listening to the radio, or taking care of his young daughter. He does laundry for his grandmother. His mother, who works at a restaurant, visits him on a daily basis, but says he just stares into

space when she visits.   In 2006, he was involved in a BB gun accident that left him blind in the right eye.

Mr. Turner alleges that the ALJ's decision should be reversed and remanded because the ALJ's decision is not supported by substantial evidence and because improper legal standards were applied.   (Doc. 11).   Specifically, he argues that the ALJ failed to properly treat plaintiff's right eye blindness as a "severe" impairment, failed to pose a proper hypothetical question to the vocational expert that included plaintiff's right eye blindness as a limitation, and failed to consider the right eye blindness and gastrointestinal problems in combination.   (Doc. 11, pp. 5-9).

The Court must be aware of the fact that opinions such as whether a claimant is disabled, the claimant's residual functional capacity, and the application of vocational factors "are not medical opinions, . . . but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability."   20 C.F.R. §§ 404.1527(e), 416.927(d).   Whether the Plaintiff meets the listing and is qualified for Social Security disability benefits is a question reserved for the ALJ, and this court "may not decide facts anew, reweigh the evidence, or substitute [its] judgment for that of the Commissioner."   *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005).   This court is authorized to reverse the ALJ's decision

only if the ALJ used an incorrect legal standard or there is no substantial evidence in the record supporting the decision.

### A. Severity of Claimant's Right Eye Blindness

The plaintiff first argues that the ALJ improperly failed to consider plaintiff's right eye blindness as a severe impairment, and further that, even if non-severe, the visual deficiency still should have been evaluated with respect to its impact upon the plaintiff's severe impairments in assessing his RFC. (Doc. 11, pp. 6-7). Plaintiff does not cite to any authority for his assertion that blindness in one eye is, in and of itself, a severe impairment under prevailing Social Security law. It appears that the law regarding one-eye blindness remains unsettled. <u>See, e.g., Stephens v. Astrue</u>, 2009 WL 3871576 * 7 (M.D. Ala. 2009) and cases cited therein. One plaintiff who was blind in one eye was deemed able to return to past work as a teacher, (*Beech v. Apfel*, 100 F. Supp. 2d 1323, 1331 (S.D. Ala. 2000), while another was found to have a "severe" impairment of left eye blindness, but which did not meet the requirement of any listed impairment. *Woodard v. Apfel*, 2001 WL 102354 *2 (S.D. Ala. 2001). Another court has stated that blindness in one eye, "standing alone, satisfies Listing 12.05C," even though a person can work with blindness in one eye. *Black v. Astrue*, 678 F. Supp. 2d 1250, 1262 (N.D. Fla. 2010).

In this case, because the ALJ found in favor of the plaintiff at the second step of the analysis by finding that he had other severe impairments, the plaintiff's disability analysis proceeded to the third step of the sequential framework. Thus, even if the ALJ's failure to deem one-eye blindness as a "severe" impairment was error, the error did not result in any harm to the plaintiff. A similar situation has been discussed in the following manner:

> The ALJ must consider the combined effect of all impairments in the assessing of the claimant's disability. *Walker v. Bowen*, 826 F.2d 996, 1001 (11th Cir. 1987). A plaintiff should be considered in the whole and not evaluated in the abstract as having several hypothetical and isolated illnesses. *Davis v. Shalala*, 985 F.2d 528, 532‒33 (11th Cir. 1993). **Importantly, however, "[n]othing requires that the ALJ must identify, at step two, all of the impairments that should be considered severe,"** provided the ALJ considered the claimant's impairments in combination. *Heatly v. Comm'r of Soc. Sec.*, 382 F. App'x 823, 825 (11th Cir. 2010).

*Malone v. Colvin*, 2013 WL 4502075 *3 (N.D. Ala. Aug. 22, 2013) (emphasis added). In *Malone*, the ALJ failed to consider the plaintiff's diabetes mellitus and other impairments as severe, categorizing only his degenerative disc disease as a severe impairment. The court stated:

> [T]he Eleventh Circuit has held that "[e]ven if the ALJ erred in not indicating whether [a condition] was a severe impairment, the error was harmless because the ALJ concluded that [the claimant] had a severe impairment; and that finding is all that step two requires." *Heatly*,

> 382 F. App'x at 824-25.  The essential question is the extent to which Plaintiff's impairments limited his ability to work during the relevant period.  *See Moore v. Barnhart*, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005).  After reviewing the evidence, the ALJ found that Plaintiff had the RFC to perform a range of light work.  (Tr. at 22-23.)  See 20 C.F.R. §§ 404.1567(b), 416.967(b) (defining light work).  Plaintiff failed to prove he had additional severe impairments or that his impairments -- whether severe or not severe, alone or in combination -- caused additional limitations on his ability to work during the relevant period.

*Malone*, 2013 WL 4502075 *4.  In this case, the ALJ found at step two that the plaintiff had a severe impairment, and "that finding is all that step two required.," even if the ALJ failed to find other impairments asserted by the plaintiff to be "severe."  <u>Id.</u>; <u>see also Jamison v. Bowen</u>, 814 F.2d 585, 588 (11th Cir. 1987) (finding that any severe impairment exists is enough to satisfy the second step of the analysis).  Accordingly, the ALJ's decision is not due to be remanded for any failure to deem one-eye blindness as a severe impairment in this case.

### B.  Consideration of the Impact of All Impairments in Combination

Plaintiff argues that the ALJ failed to consider the impact of the plaintiff's right eye blindness in assessing his ability to work under the RFC measurement. More specifically, the plaintiff complains that the ALJ failed to pose a proper hypothetical question to the vocational expert which included the limitations relating to the plaintiff's right eye blindness.  The Commissioner responded to this

contention that the ALJ properly addressed the loss of sight as a "vocational factor" that was considered at the RFC assessment. (Doc. 13, p. 7, citing Tr. at 36).

There is no dispute that blindness in one eye results in a loss of depth perception and a reduction of peripheral vision. (Doc. 11, p. 8; doc. 13, n. 3). In this case, the plaintiff's own testimony was that his right eye blindness caused his eyes to hurt when he was outside in the sunlight. (Tr. at 52). The hypothetical posed to the vocational expert at the hearing included the following: "I'd like for you to assume a hypothetical individual the age, education, prior work history and training of the claimant. The hypothetical individual has no lifting restrictions. Has a visual limitation of no work in the outside sun but no clear limitations -- does not impact ability of up close or detailed but would impact distances. ..." (Tr. at 68). In addition, the ALJ addressed the plaintiff near the end of the hearing: "I thought your biggest problem was your right eye and some depression but you're telling me the biggest problem you're having is your stomach?" The plaintiff replied, "Yes, sir." (Tr. at 70).

In response to the hypothetical question that included the visual issues that "would impact distances," the vocational expert identified the jobs of non-postal mail clerk, fast food worker, and cleaner, that plaintiff could perform notwithstanding his right eye blindness. As the Commissioner points out in brief,

the DOT descriptions of these jobs each indicate: "Depth Perception: Not Present - Activity or condition does not exist," and further states that far acuity and field of vision also are "not present," meaning not required. *Dictionary of Occupational Titles*, (4th ed. 1991) 1991 WL 671813 at 209.687-026, Mail Clerk; 1991 WL 672682, 311.472.010, Fast-Foods Worker; 1991 WL 672783, 323.687-014, Cleaner, Housekeeping. Because none of the jobs the vocational expert testified that plaintiff could do and that exist in the local and national economy require that plaintiff have the depth perception or peripheral vision that he lacks due to his right eye blindness, even if there was error in failing to phrase the hypothetical question to include those limitations, the error was harmless. *Carter v. Commissioner of Soc. Sec.*, 411 Fed. Appx. 295, 298 (11th Cir. 2011) (holding that failure to pose a hypothetical that included all of the impairments was harmless error where the question "sufficiently encompassed" the claimant's limitations); *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983). The vocational expert's testimony remains substantial evidence supporting the conclusions of the ALJ.

### C. Consideration of All Impairments in Combination

Plaintiff's final assertion is that the ALJ failed to properly consider all of the plaintiff's impairments in combination. Specifically, he asserts that the ALJ failed to "properly consider plaintiff's right eye blindness and gastrointestinal problems

referred to as Chron's [sic] disease with plaintiff's other impairments." (Doc. 11, pp. 8-9). An examination of the decision, however, shows that this allegation is unfounded.

The ALJ properly considered the evidence that plaintiff had been treated for gastrointestinal ailments on many occasions. (Tr. at 33-35). The ALJ considered the plaintiff's complaints that he was unable to eat except for about two times a week, and usually then only bread and peanut butter, and that he had frequent vomiting and bloody diarrhea. The ALJ further considered that the plaintiff had never been diagnosed with Crohn's disease (except based on plaintiff's own complaints in the emergency room), and that his extensive gastrointestinal examinations, including colonoscopies and ultrasounds, were negative. The plaintiff's complaints of gastric pain are simply not supported by any findings of a causative medical condition.

In considering the plaintiff's vision, the ALJ noted that the plaintiff had "only hand vision" in the right eye. (Tr. at 33-35). The ALJ further discussed Mr. Turner's treatment for depression and psychosis, headaches, and weight loss. (Tr. at 36). The ALJ acknowledged that the plaintiff had a history of alcohol and marijuana abuse confirmed by toxicological testing, but that plaintiff had testified that he was then drinking only a few beers a week and had not been smoking

marijuana. (Tr. at 35). The ALJ concluded that plaintiff's credibility was called into question by the inconsistency between his testimony and the objective medical evidence of marijuana use. The problems with plaintiff's credibility, coupled with the absence of definitive medical findings related to his gastric pains, undermined the credibility of his assertions regarding the intensity, severity, and persistence of the pain symptoms. The ALJ concluded that, based upon all the evidence, the conditions attributed to plaintiff are not so debilitating as to render him unable to perform certain work. The ALJ further considered plaintiff's own testimony that he babysat for his daughter, cared for his dog, and did laundry and housework for his grandmother.

A review of the entire decision demonstrates that the ALJ's determination is supported by substantial evidence. The decision was both comprehensive and consistent with the applicable SSA rulings. The objective medical and other evidence supports the ALJ's conclusion that plaintiff's conditions did not cause disabling limitations and instead shows that he could perform some work.

## IV. Conclusion

Upon review of the administrative record, and considering all of Mr. Turner's arguments, the Court finds the Commissioner's decision is supported by substantial evidence and is in accord with the applicable law.   A separate order will be entered.

DATED the   20th day of March, 2014.

_____
T. MICHAEL PUTNAM
U.S. MAGISTRATE JUDGE